The next case on the calendar is Jordan v. New York City Board of Elections. Good afternoon, your honors. May it please the court. My name is Victor Jordan and I'm the plaintiff in this matter. I'm an economist. However, I'm also a graduate from the law school where I was fortunate enough to serve as research assistant to Professor Stephen Gottlieb, who was known before his retirement as one of the best civil rights lawyers in New York State. This case began in 2016 when I ran for the state assembly and the district leader. I won the election based on machine and I went down to the Board of Elections to observe the counting of the absentee ballot, which would, and to my shock, the chief clerk, Salvatore Barrera, refused to allow my team to observe the counting of the absentee ballot. Needless to say, I lost the election. I immediately filed a complaint with the Board of Elections thinking that that was the appropriate place to pursue it. However, it went nowhere. I eventually had to go to court, but even that dragged on in state court. I ran again and in that case we observed, my poll watchers observed the stuffing of the ballot by workers in the polling station. I asked, because I was with the poll watcher, I asked, why are you doing that? They said, well, at some point some of the voting scanners were not working. But the Board of Elections' own procedures in my appendix A118 shows the correct procedure, which is when you go to vote, there's one line that forms and you put your ballot in any scanner. And if ever all of the scanners are not working, there's a procedure outlined on page A118 in my appendix where you go to scanner A and this stuffing took place in scanner B. The point is that upon investigation I discovered that there's kind of a network, a team of individuals that I would call the shotgun, where a chief of staff is a coordinator of a polling station. In fact, a coordinator of a polling station where this illegal stuffing took place. In addition, there were individuals on her ballot who were, in a particular case, Emmanuel Vabron, who was on her ballot and he was the coordinator in one of the polling districts. But there's a series of individuals who are playing different roles within this network, this enterprise. And their purpose is to basically steal elections over a period of time, which began from 2016 and continues to this very day. More recently, there was a case where the defendants submitted blatantly false documents to the Board of Elections. They were to file their specifications on April the 18th, but they mailed them on the 19th, and they submitted a fabricated registered mail suggesting that they filed on time. And while I was at the hearing at the Board of Elections, I was prevented from speaking by the person that was appointed to that board, by Assemblywoman Bichotte. Now, the gist of my case is that Section 3-226, Paragraph 3 of New York State Election Law violates the Constitution. It violates due process because it gives the incumbent the power to assign all the workers in the polling stations within her own district. And within those districts, we have found and we have witnessed so many irregularities and, frankly, breaking up the law. So, again, this appeal comes primarily from a denied Rule 59e motion because in that decision, the district court erroneously misread the affidavit of the witness that saw the wrongful conduct. And we found the motion- Mr. Gordon, I know that you had asked if you could have some additional time, so I'm going to add two more minutes to the time. It's been a long morning. We had a lot of complicated cases. So we'll add those two minutes now. And I had a question. The district court found deficiencies, problems in the complaint that you hadn't adequately alleged, for instance, an enterprise in your RICO claim. And it also said that you could amend the complaint, but you chose not to amend the complaint. So do you want to address why you think the district court erred in saying that the complaint was inadequate? I would concede that one could amend the complaint to proper outline the rules and the standards for the enterprise. So I'm willing to do that. The absentee ballot counted is the real meat of our case is that that just violates equal protection, due process, and other laws. So I would like to reserve two minutes of my time for rebuttal. Yes, you've done that. Thank you. We can hear from your adversary. Okay, thank you, Your Honor. Good afternoon, Your Honors. Janet Zalian for the Board of Elections Appellees. And I thank you for your time at this late hour. I just want to point out, to emphasize as the court has pointed out, that Mr. Jordan did not take advantage of the opportunity to replead. And when he moved to what he had said to correct the district court's order, which the district court took to be motion for reconsideration, the court denied it on the ground that his time to replead had not expired. And then, ultimately, the court did dismiss the complaint with prejudice because Mr. Jordan did not replead. I would also point out, of course, that some of the events when Mr. Jordan makes reference to events that are more recent, and he's talking about a hearing that apparently took place this year, that, of course, was not before the district court in its decision. And finally, I would just like to point out that Mr. Barrera is not the chief clerk. He was an administrative associate. Apparently, Mr. Jordan encountered him at a polling place, but he is not an official of the Board of Elections. Does the court have any questions? In that case, we rest on our brief and ask that the court affirm. Thank you. Thank you, Your Honor. I would like to make a- You can take off the mask if that's more comfortable, but you don't have to. Okay. In regards to the hearing that we included in the case that occurred this year, it is a continuation of the pattern, the conduct of this enterprise, that involved the same exact parties that continued from 2016 to present. So that was added on only as a continuation of this RICO violation that continues by this enterprise. And it's important to stop this enterprise because it is still in operation, and it continues to affect our democracy. Thank you, Your Honor. Thank you both, and thank you for your patience. We did have a lot on the calendar this morning. That is the last case to be argued this morning, so I'll ask the deputy to adjourn. Court is adjourned.